## INCORPORATION OF WILKINSBURG BOROUGH.

### APPEAL BY MARY SINGER FROM THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued November 11, 1889—Decided January 6, 1890.*

1. The application of a single freeholder to "change and modify" the boundaries of a borough so as to exclude therefrom his land used for farming purposes, under § 1, act of April 1, 1863, P. L. 200, can be made to the court only at the time the incorporation is before it for approval.

2. In case the borough had been incorporated prior to the filing of the application, and its limits fixed by the decree of the court, the remedy is under § 3, act of April 1, 1834, P. L. 163, upon an application signed by a majority of the freeholders residing within the limits of the borough.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 266 October Term 1889, Sup. Ct.; court below, No. 1 December Term 1888, Misc. D.

On December 3, 1888, Mrs. Mary Singer presented her petition representing in substance, that the petitioner was a resident freeholder of the borough of Wilkinsburg, incorporated to No. 40 March Term 1887, Misc. D., and was the owner of a tract of land in said borough, which was farming land described by metes and bounds and by plan attached; that her said land did not properly belong to the borough of Wilkinsburg; that the petitioner was the largest individual taxpayer in said borough, and that it would be injurious and burdensome to petitioner to allow her lands to remain in said borough; praying the court to so modify and change the boundaries of said borough as to exclude her land therefrom.

A rule having been granted, exceptions were filed on behalf of the borough which were as follows:

1. The petition is defective in that it is not signed by Mary Singer in her own proper person.

2. It is defective in that it does not set forth "a particular

---

* See case preceding this.

description of the boundaries of the borough," after the proposed alteration, "exhibiting the courses and distances in words at length," as required by the act of April 1, 1834, P. L. 163, relating to the change of limits of any incorporated borough.

3. There is no act of assembly authorizing an individual freeholder to have the boundary lines of an incorporated borough altered as proposed in this petition.

4. The petitioner, if her land be farm land, as alleged, had her remedy under the act of April 1, 1863, § 1, P. L. 200, while the proceedings for the incorporation of the borough were pending. If she was guilty of laches then, the court will not aid her now.

5. The matter is res judicata, a similar petition on the part of the petitioner having been refused at No. 40 March Term 1887, of this court.

On September 28, 1889, after argument, the court entered an order discharging the rule and dismissing the petition, opinion by STOWE, P. J.

Thereupon the petitioner took this appeal, specifying that the court erred in refusing to grant the prayer of the petitioner, and in the order discharging the rule to show cause.

*Mr. G. W. Williams* (with him *Mr. D. T. Watson* and *Mr. N. S. Williams*), for the appellant.

*Mr. R. A. Balph* (with him *Mr. John Dalzell* and *Mr. Jas. Balph*), for the appellees.

PER CURIAM:

The appellant filed her petition in the court below, praying that the boundaries of the borough of Wilkinsburg may be so modified as to exclude her land therefrom. She alleges that it is farm land. The act of April 1, 1863, P. L. 200, § 1, provides that " whenever an application has been or shall hereafter be made, by the freeholders of any town or village in the commonwealth, for an act of incorporation into a borough, and the boundaries fixed by the petitioners shall embrace lands exclusively used for the purposes of farming, and not properly be-

longing to the town or village, the courts of Quarter Sessions of the county where such application is made shall have power, at the request of the party aggrieved, to change and modify such boundaries so as to exclude therefrom the land used for farming purposes." We think this act contemplates an application to the court at the time the charter is before it for approval. In this case the borough had been incorporated prior to the filing of appellant's petition, and its limits had been fixed by the decree of the court. In such case, we think the remedy is under the act of April 1, 1834, P. L. 163, the third section of which provides, inter alia, that " the same proceedings shall be had, on an application to change the limits of any borough incorporated under this act, and the courts aforesaid shall have full power to decree such alteration as may be needful." The "same proceedings," referred to, consist of an application "signed by a majority of the freeholders residing within the limits of the same;" that is to say, within the borough. The court cannot change the boundaries of a borough upon the application of a single freeholder. An examination of the plan appended to the petitioner's paper-book shows that a considerable portion, at least, of her land lies within what may be fairly called the natural boundaries of the borough, while her petition alleges that she has three houses upon it. But, whatever may be the merits of her case, we cannot help her in this proceeding.

The order of the Quarter Sessions is affirmed.